**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02062-JLT-SKO |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER FOR PLAINTIFF TO: |
| | (1) FILE A FIRST AMENDED COMPLAINT; |
| DEPARTMENT OF STATE, | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR |
| Defendant. | (3) FILE A NOTICE OF VOLUNTARY DISMISSAL |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

On March 16, 2026, Plaintiff Steven Quinn Singleton, proceeding pro se and *in forma pauperis*, filed a civil action. (Doc. 1.)

Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by an assigned district judge, in which case the Court will issue findings and recommendations consistent with this

order.   Lastly, Plaintiff may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.      SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings this action against the "Department of State." (Doc. 1.) Asserting that federal question is the basis of subject matter jurisdiction, Plaintiff cites the "Constitution of the United States," "Title 22 U.S.C. Section 212," and "Title 22 C.F.R. Part 51" as at issue in the case. Fundamentally, Plaintiff's claims seem to arise from his assertion that "United States of America" is not an appropriate nationality. (*Id.* at 4.) Plaintiff's entire statement of the claim provides:

> Passports issued by the Department of State have a field for "Nationality" and the status quo is to record citizens as nationals of the "United States of America." The Constitution of the United States is prepared "for the United States of America" as a National and Federal body of statutory guidance that informs an administration of the affairs of the United States, on behalf of the People. "Citizen of the United States" is a portion of the superset class "People of the United States." The citizen membership of the People may reasonably be attributed the disambiguation, "United States Citizen." This is reflected in the construction of Title 22 U.S.C. Section 212 and Title 22 C.F.R Part 51. The Constitution provides for a "President of the United States of America," a role implemented to administer the Executive power within the Constitutional framework. Therefore, the United States of America is an executive-directed dimension of the national framework and not a nationality in and of itself.

(*Id.* at 4.)

As relief, Plaintiff requests (1) "Declaratory relief affirming that the nationality of a citizen cannot be exclusively attributed to the United States of America"; (2) "Mandate instructing the Department of State to modernize any illustrations on a citizen's nationality with respect to an affirmed best-reading of the Constitution and statutes of the United States. 'United States Citizen' or 'Citizen of the United States' are acceptable"; and (3) "Any other relief deemed just and proper with consideration for details of Petitioner's Complaint." (Doc. 1 at 4.)

## III.      DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any

cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.      Rule 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id*.; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved.  General assertions regarding the scope of the U.S. Constitution are not sufficient.  Plaintiff's allegations are also vague and conclusory.  As currently pleaded, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that the named Defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.  Plaintiff must set forth factual allegations against Defendant sufficient to state a claim.  If Plaintiff elects to amend his complaint, he must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).  The failure to do so shall result in dismissal of this action.

**B.      Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.      <u>U.S. Constitution</u>

Plaintiff does not plead a particular provision of the Constitution that he alleges the

4

Department of State violated.  A direct action under the Constitution is available under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (*Bivens*).  To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  The Department of State is not a proper defendant for a *Bivens* action, however, as it can only be maintained against a federal agent.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  To the extent Plaintiff intends to proceed with a claim under *Bivens* against a federal agent in his amended complaint, he is required to identify the constitutional right alleged violated and plead facts showing how the agent was involved.

2.    Title 22 U.S.C. Section 212 and Title 22 C.F.R. Part 51

The central inquiry in determining whether a statute creates a private right of action is whether Congress intended, either expressly or by implication, to create one.  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).   The courts must interpret statutes to determine whether or not they display an intent to create not just a private right but also a private remedy.  *Id*.

Here, there the Court can find no indication that such a right was intended.  Section 212 of Title 22 states that "No passport shall be granted or issued to or verified for any other persons than those owing allegiance, whether citizens or not, to the United States."  22 U.S.C. § 212.  Part 51 of Title 22 of the Code of Federal Regulations contains the primary rules and procedures governing the issuance, validity, and revocation of passports.  22 C.F.R Pt. 51.

To the extent that Plaintiff is seeking judicial review of the denial or revocation of his passport by the Department of State, Title 8 U.S.C. section 1503(a) affords a private cause of action against the head of the agency, and Plaintiff may amend his complaint to attempt to state such a claim.  *See* 8 U.S.C. § 1503(a); *see also Uduka v. United States*, 724 F. Supp. 3d 1107, 1110 (E.D. Cal. 2024) ("[Title] 8 U.S.C. § 1503(a) 'authorizes a de novo judicial determination of the status of the plaintiff as a United States national.'") (quoting *Richards v. Secretary of State, Dep't of State*, 752 F.2d 1413, 1417 (9th Cir. 1985)).   But because Plaintiff has not shown the requisite Congressional intent to create a private right and remedy for "violations" of 22 U.S.C. § 212 and 22 C.F.R Pt. 51, he cannot avail himself of those provisions.

5

**C.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so he can provide additional factual allegations and attempt to articulate cognizable claims over which this Court has jurisdiction.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days.  Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).

**IV.    ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

a.    File an amended complaint;

b.    Notify the Court in writing that he wants to stand on this original complaint;

6

or

    c.     File a notice of voluntary dismissal.

2.     If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-02062-JLT-SKO; and

3.     Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**April 7, 2026**__            _/s/ Sheila K. Oberto_

                                             UNITED STATES MAGISTRATE JUDGE